Michael T. Welch (#122630)
LAW OFFICES OF MICHAEL T. WELCH
Four Embarcadero Center, 39th Floor
San Francisco, California  94111
Telephone:  (415)399-1500
Facsimile:  (415)399-0445

Attorneys for Plaintiff
AUTOMATED MEDIA PROCESSING SOLUTIONS, INC.,
dba EQUILIBRIUM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOMATED MEDIA PROCESSING SOLUTIONS, INC., dba EQUILIBRIUM, a corporation, <br><br> Plaintiff, <br><br> v. <br><br> SCHAWK DIGITAL SOLUTIONS, INC., a business entity; BLUE SOFTWARE, LLC, a business entity, <br><br> Defendants. | CASE NO.  15-cv-05018 SI <br><br> **EX PARTE APPLICATION FOR CONTINUANCE OF CASE MANAGEMENT CONFERENCE AND SCHEDULING ORDER** <br><br><br> Date:  February 19, 2016 <br> Time:  2:30 PM <br> Dept.:  Courtroom 1 |

**I. APPLICATION AND GROUNDS**

Plaintiff AUTOMATED MEDIA PROCESSING SOLUTIONS, INC., dba EQUILIBRIUM ("EQUILIBRIUM") respectfully requests that the Court continue the Case Management Conference presently scheduled for February 19, 2016, for a reasonable period of approximately three weeks.  The reasons, as set forth further in the attached declaration of Michael Welch, counsel for plaintiff, are as follows.  First and most significant is that plaintiff's counsel has not received any notices or documents from the

-1-

District Court regarding this case due to a never before experienced problem apparently related to the e-mail address of record where said counsel has previously received and sent documents under the Court's "ECF" system for approximately 10 years.  It was first brought to counsel's attention approximately 2 weeks ago and plaintiff's counsel though he had corrected it (by using the ECF on-line "help" system to change the e-mail address), but it failed as the notice of the current Case Management Conference and scheduling order was not received, and counsel was alerted to it only by a call from the Court's clerk yesterday.  This is in the process of being corrected (hopefully more effectively) with an outside consultant with the assistance of information and resources provided by the "ECF" support group, and in the meantime this case's docket is being monitored once per day for any further notices or documents that may be filed or sent to counsel.

     The second reason is that the defendants were just served with the summons and complaint, so have not yet had the opportunity to respond and appear.  Plaintiff's counsel filed this case in early November, 2015, and calendared the last dates, and also planned dates and deadlines, for service of summons and complaint, based on Fed. Rule of Civ. Proc. 4(m) at the time, which provided for 120 days to effect service (as had been the rule for the 30 years of this counsel's practice).  The intent was not to wait until the last day (i.e., solely for maximizing the time of service), but to allow for the anticipation that additional events would occur in or by February that would likely require amending the complaint to add or revise one or more claims.  However, upon becoming aware of both the newly scheduled Case Management Conference (through telephone follow-up by the Court's clerk) and the recent revisions to the Federal Rules after this action was filed that reduce the time for service, plaintiff's counsel immediately effected service on the two defendants.  To the extent that plaintiff needs to amend the current complaint in the near future, it will do so through normal amendment procedures (i.e., by stipulation or motion).

     Based on the above-stated lack of actual notice received by plaintiff's counsel of the currently scheduled Case Management Conference, and the need for some additional

1  time to consult with counsel for the newly served defendants to prepare the requisite
2  Scheduling Order (and their appearances), plaintiff respectfully requests that the Court
3  grant this Application for Continuance and issue an order setting a new date for the Case
4  Management Conference and scheduling order.
5       Respectfully submitted,

7                                      LAW OFFICES OF MICHAEL T. WELCH

9  Dated: February 18, 2016        By:   /S/ *Michael Welch*
10                                       Michael T. Welch
                                         Attorney for Plaintiff
11                                       AUTOMATED MEDIA PROCESSING
                                         SOLUTIONS, INC., dba EQUILIBRIUM

```
The Initial Case Management Conference has
been continued to Friday, March 18, 2016 at
2:30 p.m.
The Joint Case Management Conference Statement
shall be filed on March 11, 2016.
```



IT IS SO ORDERED
Judge Susan Illston

**EX PARTE APPLICATION FOR CONTINUANCE OF CASE MANAGEMENT CONFERENCE AND SCHEDULING ORDER**

1  Michael T. Welch (#122630)
   LAW OFFICES OF MICHAEL T. WELCH
2  Four Embarcadero Center, 39th Floor
   San Francisco, California  94111
3  Telephone:   (415)399-1500
   Facsimile:    (415)399-0445
4
   Attorneys for Plaintiff
5  AUTOMATED MEDIA PROCESSING SOLUTIONS, INC.,
   dba EQUILIBRIUM
6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOMATED MEDIA PROCESSING SOLUTIONS, INC., dba EQUILIBRIUM, a corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>SCHAWK DIGITAL SOLUTIONS, INC., a business entity; BLUE SOFTWARE, LLC, a business entity,<br><br>            Defendants. | CASE NO.  15-cv-05018 SI<br><br>**DECLARATION OF MICHAEL WELCH IN SUPPORT EX PARTE APPLICATION FOR CONTINUANCE OF CASE MANAGEMENT CONFERENCE AND SCHEDULING ORDER**<br><br>Date:  February 19, 2016<br>Time:  2:30 PM<br>Dept.:  Courtroom 1 |

  I, Michael Welch, declare as follows:

  1.  I am an attorney duly admitted to practice in the State of California and in the U.S. District Court for the Northern District of California, and am the attorney for the plaintiff, AUTOMATED MEDIA PROCESSING SOLUTIONS, INC., dba EQUILIBRIUM ("EQUILIBRIUM") in this action.  I have personal knowledge of the facts stated in this Declaration.

-1-

**DECLARATION OF MICHAEL WELCH IN SUPPORT OF EX PARTE APPLICATION FOR CONTINUANCE OF CASE MANAGEMENT CONFERENCE AND SCHEDULING ORDER**

2.  I filed this action in early November, 2015.  At that time, as is my practice, I calendared both the last date for service of the defendants under the Federal Rules, and the date by which my client and I anticipated serving defendants based on what was perceived as a likelihood of one or more events occurring regarding the contract claims in this action that might necessitate amending the complaint.  At that time, Federal Rule of Civil Procedure 4 provided for the summons and complaint to be served within 120 days, so I calendared the final date for service as March 1, 2016, and the last date by which we would make service as February 22, 2016.

3.  Thereafter I did not receive any notices or documents regarding this case by e-mail under the Court's "ECF" system, but as it was still relatively early in the case and the defendants had not been served, I was not anticipating any type of notice or document by any date certain.  However, on approximately February 2 I was contacted by Ada Means, the clerk for Magistrate Judge Corley, who informed me of the deadline for filing a consent or declination to have the case heard before Judge Corley, and who told me she had attempted to e-mail me at the e-mail address listed on my "ECF" record, but that the e-mail had "bounced back" to her.  I telephoned her and she also informed me of another Notice that had been sent to me regarding a scheduling order, which I had never received.  At that point I ascertained that there was some type of problem with the e-mail address or system that served as my long-standing e-mail address in the "ECF" system, even after my normal office e-mail address was changed several years ago to the above "gmail" address, as e-mails sent to the former address were "bouncing back" and not being received by me on that system from the court (but that address was still receiving other e-mails, e.g., personal, business, "spam", etc.).

4.  After receiving that information from Ms. Means, I promptly file a Notice of declination of having the case heard by the Magistrate Judge.  I also personally went to the website of the Northern District and accessed the "ECF" system and its "help" sections that provided instructions on changing or adding an attorney's website address on the system.  I

-2-

**DECLARATION OF MICHAEL WELCH IN SUPPORT OF EX PARTE APPLICATION FOR CONTINUANCE OF CASE MANAGEMENT CONFERENCE AND SCHEDULING ORDER**

followed the instructions and steps provided, and I believe and understood that I had successfully replaced my prior e-mail address (that appeared to be the cause of the "bounce back" problem) with my current and fully functional e-mail address (mwelchlaw@gmail.com). I assumed that the above problem had been corrected, and that I would receive any further notices or documents filed in the case at this e-mail address.

5. Yesterday, February 17, I received a voice-mail message on my office telephone from Tracy, a clerk of this Court. I telephoned her back right after I listened to the message, and she told me she was calling to inquire of the status of the scheduling order that was due in advance of the Case Management Conference set for this Friday, February 19. I did not receive a notice of either the Conference or the scheduling order at my e-mail address, i.e., my "gmail" address that I had recently made as the main address for receiving e-mails, and I informed Tracy of the problem described above that I had experienced, and that I thought I had successfully corrected it. She also asked me about the status of a proof or service on the defendants, and in the course of that discussion it came out that the Court had recently changed / updated many of its rules and procedures, including a reduction of the former 120 day service limit (which I subsequently confirmed by research of the revised rules). I stated that the defendants were due to be served shortly, and I then expedited that process so that both were served (by stipulation of counsel to accept service, for defendant Schawk Digital Solutions, and by personal service on the registered agent of defendant Blue Software, LLC, as of today, February 18. I intend to follow up with counsel for Schawk as soon as possible to discuss the items in the scheduling order and reach agreement on a joint scheduling order, and to do so with counsel for Blue Software as soon as I learn who that is.

6. I also have asked my outside tech support vendor to assist me this time in going back to the ECF site, and to work with any support staff attached to that site, if necessary, to ensure that my proper e-mail address (my "gmail" account) is properly and fully installed and functional, which I understand will occur within the next several days. In the

-3-

**DECLARATION OF MICHAEL WELCH IN SUPPORT OF EX PARTE APPLICATION FOR CONTINUANCE OF CASE MANAGEMENT CONFERENCE AND SCHEDULING ORDER**

1 | meantime I am checking the docket myself for this case on a daily basis to make sure I
2 | know of any filings.
3 |     I declare under penalty of perjury under the laws of California and the United States
4 | that the foregoing is true and correct.

Dated: February 18, 2016        By:  /S/ *Michael Welch*
                                                Michael T. Welch
                                                Attorney for Plaintiff
                                                AUTOMATED MEDIA PROCESSING
                                                SOLUTIONS, INC., dba EQUILIBRIUM

-4-

**DECLARATION OF MICHAEL WELCH IN SUPPORT OF EX PARTE APPLICATION FOR CONTINUANCE OF CASE MANAGEMENT CONFERENCE AND SCHEDULING ORDER**